21OB 12B
(7/93)

# United States District Court

### for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 17 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE WASHINGTON

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: Billie Jo Cates                Case Number: 2:03CR00120-001

Name of Sentencing Judicial Officer: The Honorable Cynthia Imbrogno

Date of Original Sentence: 12/8/2003              Type of Supervision: Magistrate Probation

Original Offense: Driving and Operating a Motor         Date Supervision Commenced: 12/8/2003
Vehicle While Under the Influence of an Intoxicating
Liquor or Drug, 18 U.S.C. § 7 and 13

Original Sentence: Probation - 60 Months          Date Supervision Expires: 12/7/2008

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

21    You shall reside in a community corrections center for a period of up to 180 days. This placement may include a pre-release component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of that facility. You shall remain at the facility until discharged by the Court.

### CAUSE

Ms. Cates began her term of supervision on December 8, 2003. On December 9, 2003, the defendant provided a urine sample, which tested positive for marijuana. The Court was notified and no action was recommended, as the defendant was pending placement in a Community Corrections Center. She subsequently completed 90 days at the Community Corrections Center, Turner House Facility, on March 31, 2004. While at Turner house, Ms. Cates participated in mental health and substance abuse counseling. Ms. Cates has made sporadic restitution payments, even though she has earned a significant income while under supervision. Ms. Cates has made four payments toward her restitution totaling $1,350, with a balance remaining of $44,818.55. The probation officer believes Ms. Cates could have easily paid a significant portion of her income to restitution, but due to poor record keeping by the defendant, it would be difficult to prove as a violation Ms. Cates cannot account with any certainty where the majority of her income has been spent.

Prob 12B
**Re:  Cates, Billie Jo**
**May 9, 2005**
**Page 2**

Beginning in November 2004, Ms. Cates failed to submit monthly report forms as required.   She was directed to submit the missing report forms on several occasions, but failed to do so.  Ms. Cates was directed to report in person to the U.S. Probation Office in Yakima on April 29, 2005, to submit her missing monthly report forms and discuss her noncompliance in other areas.  Ms Cates reported as directed and submitted the missing report forms.

Ms. Cates has resided with her two small daughters and occasionally her ex-husband and his girlfriend.  Ms. Cates' ex-husband provided child care while she worked. Ms. Cates was evicted from her apartment in Omak, Washington, at the beginning of this year, according to what Ms. Cates characterizes as a dispute with her landlord.  For the last few months, she rented a cabin residence in the Colville Reservation area.  Due to lack of employment, drug use by her ex-husband, and a myriad of other problems with various family members and other individuals she was associating with, she just recently relocated to her mother and stepfather's residence in Ford, Washington.

Beginning in the fall of 2004, Ms. Cates was employed as a spokesperson for the Colville Tribal Court for tribal members.  She passed their bar exam, which allowed her to act in a legal capacity covering primarily family law issues.  According to the Colville Tribal Court records, Ms. Cates was paid $41,671.75 for her services from October 2004 to March 2005. Ms. Cates is currently no longer employed by the Tribal Court due to her failures to appear for court hearings and complaints from individuals she was assigned to represent.

Ms. Cates' erratic behavior has all the stereotypical signs of substance abuse, which she initially denied.  On May 6, 2005, she admitted to U.S. Probation Officer Richard Law that she had been using marijuana on a daily basis from March to May of this year and had abused pain medication. Ms Cates has been referred for another substance abuse evaluation.  The probation officer believes Ms. Cates needs a structured, clean and sober environment and consequences for her violation behavior. Both of these objectives can be achieved by the proposed modification.  Ms. Cates has agreed to the modification and a signed wavier is enclosed for the Court's review.

Respectfully submitted,

by

Kevin Crawford
U.S. Probation Officer
Date:  May 9, 2005

THE COURT ORDERS

[ ]    No Action
[ ]    The Extension of Supervision as Noted Above
[X]    The Modification of Conditions as Noted Above
[ ]    Other

_____

Signature of Judicial Officer

5-17-05

_____

Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel  I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

21      You shall reside in a community corrections center for a period of up to 180 days.  This placement may include a pre-release component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO.  You shall abide by the rules and requirements of that facility.  You shall remain at the facility until discharged by the Court.

Witness: _____          Signed: _____
                     Richard B. Law                                                   Billie Jo Cates
                 U.S. Probation Officer                                    Probationer or Supervised Releasee

_____May 6, 2005_____
Date

EDWA13 (12/02)

# EASTERN DISTRICT OF WASHINGTON
# U.S. PROBATION AND PRETRIAL SERVICES
# ADMISSION OF DRUG USE

I, _Billie Jo Cates_ , hereby admit that I have used the following drug(s) on the date(s) indicated below without proper medical authorization in the form of a valid prescription or physician's instructions:

_Marijuana_
DRUG

_3/05 – 5/05 Daily_
DATE

_Pain Pills_
DRUG

_5/05_
DATE

_____
DRUG

_____
DATE

This admission of drug use is made voluntarily and without threat or promise, and I understand that it can be used against me in U.S. District Court or U.S. Parole Commission proceedings. An admission may also result in my being requested to participate in an assessment and/or recommended treatment.

SIGNED _____   _5/6/05_
                 Defendant/Offender          Date

_____   _5/6/05_
USPTSO/USPO          Date